UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

REBECCA C., )
        Plaintiff )
)
v. ) 2:18-cv-00459-JAW
)
ANDREW M. SAUL, Commissioner, )
Social Security Administration, )
)
        Defendant )

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the April 13, 2018 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 6-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of borderline intellectual functioning (BIF) and anxiety. (R. 12.) The ALJ further found that Plaintiff has a residual functional capacity (RFC) to perform medium work, to understand and remember simple instructions and tasks, and to carry out simple tasks for two-hour blocks over the course of a normal workday/workweek, interact with co-workers and supervisors, and have occasional contact with the public, as well as adapt to routine changes. (R.15.)

Plaintiff has no past relevant work. After considering Plaintiff's age, education, work experience and RFC, as well as the testimony of a vocational expert, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform, including laundry worker, hand packer and table bench assembler. (R. 19.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to

experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred in his consideration of the assessment of Plaintiff's primary care provider (Myra Brink, P.A.) and in his reliance on the opinions of the state agency consultants (May Burkhart, Ph.D. and Robert Campion, M.D.) Plaintiff further argues that the ALJ did not properly consider her testimony regarding the nature and severity of her impairments.

Ms. Brink completed a one-page Medical Assessment of Ability to Do Work-Related Activities form. (R. 542.) On the form, Ms. Brink's answered "no" to questions regarding Plaintiff's ability, in a normal work setting on a sustained, 40 hour per week basis, to understand, remember and carry out simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. (*Id.*) In the "Remarks" section of the form, Ms. Brink stated that Plaintiff "would have difficulty following directions and would easily get off task…. and working in a group setting would be very difficult." (*Id.*)

The ALJ noted that Ms. Brink does not qualify as an "acceptable medical source" as defined by 20 C.F.R. § 416.902, but rather as an "other source" under 20 C.F.R. § 416.913(d). [2] (R. 17.) As an "other source," Ms. Brink could not establish the existence of medically determinable impairments pursuant to then-effective Social Security Ruling

---

[2] Plaintiff filed her claim in September 2015. For claims filed on or after March 27, 2017, a licensed physician's assistant is considered an acceptable medical source for limitations within his or her licensed scope of practice. 20 C.F.R. 416.902(a)(8).

3

06-03p, 2006 WL 2329939, at *2 (Aug. 1, 2006).[3] Other sources may, however, be considered to show the severity of Plaintiff's impairments and how the impairments affect her ability to function. (*Id.*; *see* R. 17.) The ALJ gave some weight to Ms. Brink's opinion and characterized Ms. Brink's opinion concerning the severity of Plaintiff's mental limitations as "not consistent with the preponderance of medical evidence … as well as [Plaintiff's] own admission of activities of daily living." (R. 17.)[4]

The ALJ's assessment of Ms. Brink's opinion, when considered with the opinions of the state agency consultants, the medical record, and the evidence of Plaintiff's activity level, is supportable.[5] The ALJ supportably gave great weight to the mental RFC opinions of state agency consultants. Drs. Burkhardt and Campion determined that Plaintiff can understand and remember simple instructions and carry out simple tasks for two-hour blocks over the course of a normal workday/week. (R. 83-84, 96.) They observed that she attends to her own personal care, prepares simple meals, does light household chores, drives, and shops. (R. 81, 94.) Both also noted that Plaintiff reported that she was in special education classes throughout school and that her high school transcript reflected

---

[3] This Ruling remains effective for claims, such as Plaintiff's, which were filed before March 27, 2017. *See Rescission of Social Security Rulings* 96-2p, 96-5p and 06-3p, 2017 WL 398298, at *1 (Mar. 27, 2017).

[4] *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

[5] As part of his assessment of Ms. Brink's opinion, the ALJ wrote: "Ms. Brink is not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms." (R. 17.) While I conclude the record supports the ALJ's decision to give some weight to Ms. Brink's opinion for the reasons set forth herein, and while I recognize the ALJ made the observation when noting that Ms. Brink does not qualify as an "acceptable medical source," I find no record evidence nor any other basis to support the observation and do not adopt the ALJ's reasoning.

4

she received special education assistance in some classes. (*Id.*)[6]

The ALJ also noted that none of the providers recommended that Plaintiff receive additional help to manage her daily activities, attend appointments, or otherwise suggest that she should be receiving any additional services. (R. 16.) Moreover, despite the evidence of BIF, none of Plaintiff's treating providers has expressed concern regarding her ability to understand or follow her treatment protocol, or to take her medications as prescribed. (R. 13.) She was also observed to be socially appropriate, polite and cooperative during her consultative exam.[7] (R. 13, 91.)

The record also supports the ALJ's determination that Plaintiff's statements as to the limiting effects of her symptoms were not entirely consistent with the evidence. Plaintiff testified that she has difficulty reading and writing; that she has panic attacks when she does not know where she is going when driving, when she is in a store and does not have a list, and when she is around people she does not know; and that she cries when criticized by supervisors. (R. 58-61.) She also stated that she has difficulty with

---

[6] Plaintiff argues that the ALJ's reliance on the opinions of Drs. Burkhart and Campion was "misplaced" because they did not review certain school records submitted by Plaintiff after the hearing. (Statement of Errors at 3). The ALJ acknowledged the later submission and concluded that the records did not undermine the experts' opinions. (R. 17.) As noted above, however, both Dr. Burkhart and Dr. Campion were aware of Plaintiff's history of special education classes and had access to at least her high school transcripts at the time of their assessments. Plaintiff has not proven, moreover, how consideration of the additional school records "would have necessitated a change in the outcome of … her application for benefits." *Parkes v. Astrue*, No. 11-99, 2012 WL 113307, at *2 (D. Me. Jan. 11, 2012), *rep. & rec. adopted sub nom. Parkes v. Comm'r, Soc. Sec. Admin.*, 2012 WL 642656 (D. Me. Feb. 27, 2012).

[7] The assessment of the consultative examiner, Patricia Kolosowski, Ph.D., is also not inconsistent with the assessments of Drs. Burkhart and Campion. Although Dr. Kolosowski noted Plaintiff's cognitive limitations, and that she "might" have "some" issues working on a full-time consistent basis (while also noting that Plaintiff "did not present any interest" in working), Dr. Kolosowski characterized Plaintiff as "polite and cooperative[,] adequately groomed[,] able to do simple repetitive type tasks[, and] able to get along with a reasonable supervisor." (R. 78.)

concentration and focus. (R. 62.) The ALJ discounted Plaintiff's statements noting that the medical record reflects that Plaintiff's symptoms were stable and improved with medication. (R. 16.) Indeed, the medical record includes multiple entries that reflect that Plaintiff's anxiety is stable, has improved, and is being treated with medication. (R. 308, 367, 410, 426, 464, 475, 478, 493.)

In sum, the medical opinion evidence, the medical record, and the evidence of Plaintiff's activity level include substantial evidence to support the ALJ's RFC finding and the ALJ's determination that Plaintiff is not disabled.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of July, 2019.